UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************
Reneé King,                    *
    Plaintiff              *
                                 *
v.                             *
                                 *
DMO Auto Acquisitions LLC      *
d/b/a Dan O'Brien Kia,         *
    Defendant              *
*******************************

## COMPLAINT
**Jury Trial Requested**

NOW COMES the plaintiff Reneé King, by and through her attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Complaint, stating as follows:

**I.   Parties**

1.   The plaintiff Reneé King is a former employee of the defendant DMO Auto Acquisitions LLC, d/b/a Dan O'Brien Kia who resides at 16 Chandler Street, Boscawen, New Hampshire 03303.

2.   The defendant DMO Auto Acquisitions LLC, d/b/a Dan O'Brien Kia is a New Hampshire corporation with a principal place of business located at 158 Manchester Street, Concord, New Hampshire 03301.

**II.   Jurisdiction and Venue**

3.   The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The Court has personal jurisdiction over the defendant because it is a resident of New Hampshire.

4.   Venue is proper because the acts and omissions giving rise to this action occurred within this judicial district.

1

### III.  Facts

5. On or about December 3, 2018, Ms. King began employment with the defendant as a finance biller in the defendant's automotive dealership. In Ms. King's communications with the defendant leading to her hiring, the defendant represented to Ms. King that her job responsibilities as a finance biller would include initiating, completing and following up on credit applications for the financing of vehicle purchases.

6. Ms. King's earning capacity in her new employment position was tied to commissions. The defendant promised Ms. King a weekly base salary of $600.00 plus commissions. Ms. King's earning capacity stood to grow through the prospect of earning commissions, enticing her to leave her former employment and accept employment with the defendant.

7. Ms. King was 50 years old when she began her employment with the defendant.

8. Ms. King required training in certain software called "DealerTrack" used by the defendant in order to perform her employment duties. As the defendant's Human Resources Manager, Kerri Goodell, stated under oath in the defendant's Verified Response to Charge of Discrimination submitted to the New Hampshire Commission for Human Rights, "The training process for the Finance Department takes several weeks to a month due to the complexity of the process and the numerous details to adhere to state and federal compliance."

9. On or around December 4, 2018 (the day after Ms. King began her employment with the defendant), the supervisory employee who had hired Ms. King terminated his employment with the defendant.

10. Andrew Goumillout assumed the role of Finance Director, becoming Ms. King's supervisor. Mr. Goumillout was 23 years old when he became the defendant's Finance Director and Ms. King's supervisor.

11. Only two (2) other employees worked in the defendant's Finance Department besides Mr. Goumillout and Ms. King in December of 2018: a.) Finance Manager Jordan Heath, who was 27 years old; and b.) Finance Biller Haley Hannaford, who was 26 years old.

12 Finance Director Goumillout refused to train Ms. King and also admonished Finance Biller Hannaford not to train Ms. King.

13. Finance Biller Hannaford cautioned Ms. King that Mr. Goumillout had expressed his aversion to working with "older people" and wanted to get rid of her.

14. Finance Manager Heath also boasted that she had gotten an older finance department employee terminated. Finance Manager Heath stated words to the effect, "We don't think old people should work on the computer."

15. Finance Director Goumillout isolated Ms. King from other members of the Finance Department. Finance Director Goumillout would eat lunch in the office with Finance Manager Heath and Finance Biller Hannaford. Finance Director Goumillout forbade Ms. King from eating in the office, instead instructing her to eat in the break room, separate from her fellow Finance Department employees.

16. Finance Director Goumillout further sought to make Ms. King's working conditions unpleasant by requiring her to park far from the defendant's offices. Finance Director Goumillout and Finance Biller Hannaford parked near the office doors[1], but Finance Director

---

[1] Finance Manager Heath did not drive.

Goumillout directed Ms. King to park a distance from the office doors, so that Ms. King had to walk for approximately two (2) minutes to traverse the distance between her vehicle and the office.

17. Ms. King reported to Human Resources Manager Goodell that she believed she was suffering discrimination in the terms and conditions of her employment due to her age. Ms. King informed Human Resources Manager Goodell that she had not received login credentials necessary to access "DealerTrack."

18. Ms. King also reported to Human Resources Manager Goodell that Finance Director Goumillout and Finance Manager Heath refused to train her due to their dislike of working with older people.

19. Human Resources Manager Goodell provided Ms. King log-in credentials for "DealerTrack" and proceeded to inform Finance Director Goumillout that he no longer had an excuse for failing to train Ms. King.

20. Human Resources Manager Goodell pledged to monitor Finance Director Goumillout and Finance Manager Heath to ensure that they trained Ms. King appropriately.

21. The defendant continued, however, to refuse to provide Ms. King the training that would have enabled her to perform her job duties and earn commissions. Instead, the defendant assigned Ms. King menial tasks such as alphabetizing papers.

22. The defendant's failure and refusal to train Ms. King in use of the "DealerTrack" software all but entirely prevented Ms. King from earning commissions. Ms. King was only able to earn a meager amount in commissions, approximately $105.00, due to help that Finance Biller Hannaford covertly offered Ms. King. By contrast, Finance Manager Heath reportedly earned $1,935.00 in commissions in January of 2019.

23. The defendant demoted Ms. King to the position of receptionist/cashier effective February 16, 2019.

24. The demotion deprived Ms. King of the ability to earn commissions and also cut her weekly base pay from $600.00 to $500.00.

25. In demoting Ms. King to cashier, the defendant advised Ms. King that she would "actually be trained" in the respondent/cashier position, thereby acknowledging that the defendant had denied her training in the finance biller position.

26. The defendant's refusal to provide Ms. King the training that she needed to perform the finance biller position deprived her of the ability to earn commissions.

27. Ms. King felt compelled to resign her employment with the defendant effective June 28, 2019, due to the defendant's acts and omissions preventing her from performing the job she was promised and preventing her from earning commissions, the defendant's disparate treatment of her due to her age, and the defendant's actions demoting her and cutting her pay.

28. Ms. King timely filed a Charge of Discrimination with the New Hampshire Commission for Human Rights on or about August 12, 2019, alleging age discrimination and retaliation. Exhibit A. Ms. King's Charge of Discrimination was dually filed with the United States Equal Employment Opportunity Commission (EEOC).

29. Ms. King received a Notice of Right to Sue from the EEOC on October 19, 2023. The within Complaint is timely filed within 90 days of Ms. King's receipt of said Notice of Right to Sue, as required. Exhibit B.

## COUNT I

### (Violation of Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) (1))

30. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

31. Under the Age Discrimination in Employment Act (ADEA), it is unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623 (a) (1).

32. Ms. King was fifty (50) years old at the time of her employment with the defendant.

33. Ms. King's job performance as a finance biller met the defendant's legitimate expectations. The defendant specifically recognized that any person required several weeks to a month of specialized training in order to perform the job duties of the finance biller position.

34. The defendant subjected Ms. King to adverse employment actions, including: a.) depriving her of necessary training and thereby preventing her from performing her job duties and impairing her earning capacity; b.) subjecting her to unfavorable treatment in the workplace; c.) demoting her and reducing her pay; and d.) constructively discharging her.

35. When the defendant failed and refused to provide Ms. King the training necessary to perform the duties of a finance biller, and when the defendant demoted Ms. King from the finance biller position, the defendant had a continuing need for the services of a finance biller.

36. The defendant would not have subjected Ms. King to the adverse employment actions to which the defendant subjected her but for Ms. King's age.

37. As a direct and proximate result of the defendant's age discrimination against Ms. King, Ms. King has suffered and continues to suffer damages, including but not limited to lost

wages, lost employment benefits, and lost earning capacity. Ms. King is further entitled to liquidated damages based on the defendant's willful violations of the ADEA, plus attorney's fees, interest and costs.

## COUNT II

### (Retaliation in Violation of Age Discrimination in Employment Act)

38. The allegations of the preceding paragraphs are repeated and incorporated by reference.

39. A plaintiff states a claim for retaliation in violation of the ADEA where the plaintiff shows that she engaged in protected conduct under federal age discrimination law, that she suffered an adverse employment action, and that a causal connection existed between the protected conduct and the adverse action. Grenier v. Key Floral, Inc., 2014 DNH 154, 19.

40. Ms. King engaged in protected activity under the ADEA, reporting to the defendant her reasonable belief that the defendant was subjecting her to age discrimination by denying her training that she required in order to perform the duties of a finance biller and by otherwise subjecting her to disparate treatment because of her age.

41. The defendant lashed out in consequence of Ms. King's protected activity, doubling down on its discrimination against her by assigning her menial tasks, persisting in its refusal to train her to perform the job duties of the finance biller position, demoting Ms. King and reducing her pay, and ultimately constructively discharging her.

42. As a direct and proximate result of the defendant's retaliation against Ms. King in violation of the ADEA, Ms. King has suffered and continues to suffer damages, including but not limited to lost wages, lost employment benefits, and lost earning capacity. Ms. King is further

entitled to liquidated damages based on the defendant's willful violations of the ADEA, plus attorney's fees, interest and costs.

WHEREFORE, the plaintiff Reneé King respectfully prays this Honorable Court:

A.  Schedule this matter for trial by jury, and after trial;

B.  Find the defendant liable for age discrimination in violation of the Age Discrimination in Employment Act;

C.  Find the defendant liable for retaliation in violation of the Age Discrimination in Employment Act;

D.  Award the plaintiff damages for lost wages, lost employment benefits and lost earning capacity;

E.  Award the plaintiff liquidated damages;

F.  Award the plaintiff reasonable attorney's fees;

G.  Award the plaintiff interest and costs; and

H.  Grant such other and further relief as is just and equitable.

>Respectfully submitted,
>RENEÉ KING
>By her attorneys,
>DOUGLAS, LEONARD & GARVEY, P.C.

Date: January 17, 2024        By:   /s/ Benjamin T. King
                                    Benjamin T. King, NH Bar #12888
                                    14 South Street, Suite 5
                                    Concord, NH 03301
                                    (603) 224-1988
                                    benjamin@nhlawoffice.com